**PHOENIX INSURANCE COMPANY,**
Appellant,

v.

**Maurice STOWE, Appellee.**

**No. 4737.**

Court of Civil Appeals of Texas.

Waco.

Nov. 27, 1968.

Rehearing Denied Dec. 19, 1968.

Bryan, Suhr, Bering & Bailey, W. G. Fox, Jack R. Martin, Houston, for appellant.

Sallas, Griffith & Meriwether, Crockett, Boyd M. Bailey, Madisonville, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from a judgment of total, permanent disability in favor of plaintiff Stowe, in a workmen's compensation case.

Plaintiff alleged total and permanent disability as the result of accidental injury occurring in the course and scope of his employment with M & M Contracting & Engineering Company. Plaintiff testified he suffered an injury to his back when he was thrown into a truck by lumber he was helping unload, on November 20, 1965. He was taken to a doctor by the employer on the same day and hospitalized. The record reflects that he was treated three times

a week by the doctor for a long time after his release from the hospital; was in traction, used heat, and has suffered pain ever since. The jury found total and permanent disability and the trial court entered judgment on the verdict.

Defendant appeals on one point:

"The trial court erred because it did not allow insurer to introduce in evidence the testimony of the witness W. R. Owens to the effect that claimant had told the witness Owens shortly before the alleged accident made the basis of this suit that there was no way anyone could check up on whether or not he had a back injury. (Germane to the 3d point in Insurer's Amended Motion for New Trial)."

On cross examination counsel for defendant asked plaintiff:

"Q. Alright did you ever make the statement to Mr. Owens down at the Key Service Station when you worked for him that there wasn't any way that anybody could tell that a man had a back injury?

"A. I never did."

Thereafter, Mr. Owens was called as a witness for defendant and testified that plaintiff worked for him at the Key Service Station for about a week, beginning October 13, 1965, and through October 20, 1965. This was approximately a month prior to the date on which plaintiff was injured, which was November 20, 1965. Defendant's counsel then asked witness Owens:

"Q. Well, did you ever have a conversation with Mr. Stowe in reference to injuries to the body?

"A. Yes sir.

"Q. Tell the jury what that conversation was, if you had one, Mr. Owens."

It then developed that the conversation took place during the period plaintiff

worked for the witness, which was about a month before plaintiff's injury. Plaintiff objected to the above question as to what the conversation was, and the trial court sustained the objection.

Defendant then perfected his bill of exceptions to show that if permitted to testify, the witness would have testified:

"(Plaintiff) made the statement that there was no way of anyone telling if you had a back injury." The Bill of Exceptions states that it

"* * * is made for the purpose that the charge of the court 'the first issue that the defendant will request is whether the plaintiff received an accidental injury in the course and scope of his employment,' and the question is phrased so in support of that issue, that he did not receive an accidental injury."

Defendant, in its Amended Motion for New Trial, alleged:

"Third, the court erred because it did not let the defendant put on testimony from the witness Owens that the plaintiff had told him shortly before the alleged accident made the basis of this suit, that there was no way anyone could check up on whether he had a back injury or not, and that said statement was made a short time prior to the alleged injury. The defendant says that one of the defenses of the defendant's case was the claimant did not receive an accidental injury in the course and scope of his employment, and that said evidence was vital and necessary to said defense and had the defendant been allowed to submit such testimony before the jury that the results of the verdict would have been in favor of the defendant."

Defendant in his brief states that a juror testified on motion for rehearing that if he had been allowed to hear the testimony, this verdict wouldn't have been the same. There is, however, no statement of facts in the record before us containing testimony on motion for new trial. Defend-

ant asserts that the evidence was admissible as an impeachment of the plaintiff, who had previously denied making the statement.

It is without dispute that plaintiff received an injury on November 20, 1965 while on the job, and that he was taken to the doctor by his employer, and hospitalized and treated for a great length of time. Hence the ground of defendant's objection and complaint in its motion for new trial renders the action of the trial court (if error) harmless under Rule 434 Texas Rules of Civil Procedure.

The rule is that where there is any doubt as to the relevancy of evidence, the offering counsel must specify the purpose for which it is offered, or other facts necessary to render it admissible. 1 Tex.Law Evidence, McCormick, Sec. 21; Singleton v. Carmichael, Tex.Civ.App., (n. r. e.) 305 S.W.2d 379, 384. In the Singleton case, supra, counsel offered certain evidence which adverse counsel objected to. Offering counsel asserted it was admissible as an "admission against interest" and for "impeachment." The trial court excluded the testimony. The appellate court held the testimony not admissible as an "admission against interest", but that it was admissible for "impeachment", and that where testimony is offered for two purposes, and is admissible for one purpose but not for the other, the ruling of the trial court excluding the testimony is not improper and will not be disturbed.

Moreover, Rule 324 T.R.C.P. requires the bringing forward points of error relied on by a motion for new trial; and Rule 322 T.R.C.P. provides "Grounds of objections couched in general terms— * * * in excluding or admitting evidence, * * * —shall not be considered by the court."

Defendant did not offer the evidence for impeachment purposes, and its motion for new trial did not bring forward the point of error that the evidence is

admissible for impeachment, hence defendant has waived this ground.

Defendant's point and contentions are overruled.

The judgment is correct.

Affirmed.